IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| SAQUAN S. MUSGROVE | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | 1:22-CV-1125 |
| TODD ISHEE, et al., | ) | |
| Defendants. | ) | |

| SAQUAN S. MUSGROVE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | 1:22-CV-311 |
| TRAVIS BRIDGES, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, Chief District Judge.

The plaintiff, Saquan Musgrove, is serving a criminal sentence in state custody. In these two civil cases, he asserts that various defendants violated his constitutional rights while he was incarcerated at the Scotland Correctional Institution. In both cases, he successfully sought extensions of time to meet court deadlines based on his assertion that he was under a prison lockdown at the relevant time. But he was not under any such lockdown, and these factual statements were knowingly false. Mr. Musgrove has violated Rule 11(b) of the Federal Rules of Civil Procedure, and the defendants' motions

for Rule 11 sanctions will be granted. Mr. Musgrove's motion to object in *Bridges* will be granted to the limited extent that the pleading will be considered as a timely objection to the Magistrate Judge's recommendation and will otherwise be denied, and his motion to amend in *Ishee* will be denied.

I. **Background Facts**

    A.    *Musgrove v. Bridges*, **22-CV-311**

In his amended complaint in *Bridges*, Mr. Musgrove alleged that various defendants violated his constitutional rights on April 27, 2019, while he was in custody at the Scotland Correctional Institute. *See* Doc. 13 at 3–5.[1] The defendants moved for summary judgment, Doc. 36, and after obtaining two extensions of time, *see* Text Order 01/08/2024; Text Order 02/15/2024, Mr. Musgrove responded in opposition. Docs. 43, 44. Mr. Musgrove received a third extension of time after filing his response after the deadline. Doc. 45.

On July 22, 2024, the Magistrate Judge recommended granting the defendants' summary judgment motion. Doc. 45.[2] Mr. Musgrove was informed by mail that he could file an objection to the recommendation within 14 days. Doc. 46. Adding three days for mailing, any objection was due on August 8, 2024. *Id.*

---

[1] Citations to the docket in this subsection refer to case No. 1:22-CV-311. In the rest of this order, citations to filings on the docket of this case will be cited as "Doc. # (22-CV-311)."

[2] In his response in opposition to the defendants' motion for summary judgment, Mr. Musgrove also made an untimely request for a cross-motion for summary judgment, which the Magistrate Judge denied. *See* Docs. 43, 45.

2

Mr. Musgrove then submitted a motion, signed August 6, 2024, Doc. 47 at 2, and postmarked August 7, 2024. Doc. 47-1. The motion was entitled "Motion for extension of time to Reply to Defendants SJ motion by F.R.C.P. 6(b) second one." Doc. 47 at 1. It seems that Mr. Musgrove believed he had another chance to respond to the motion for summary judgment rather than an opportunity to object to the recommendation. In that motion, he represented that his "housing block [was] on security lock down" and that he was "unable to get the things [he] need[ed] to be on time for this deadline," *id.*, and he stated that "prison life forced [him] to make this extension." *Id.* at 2.

The Magistrate Judge denied the motion to the extent that Mr. Musgrove sought more time to respond to the summary judgment motion but extended the time to file objections to the recommendation by 14 days to August 29, 2024, noting that "[t]here shall be no further extensions of said deadline." Text Order 08/15/2024. Mr. Musgrove did not file any timely objections, and the Court adopted the Magistrate Judge's recommendation and granted the motion for summary judgment. Doc. 50.

Before the Court did so, the defendants filed the pending motion for sanctions, Doc. 48, supported by a brief, Doc. 49, and an August 27, 2024, declaration under oath from Stephen Waddell, the Warden of the prison where Mr. Musgrove is currently in custody. Doc. 49-1. Mr. Waddell affirms that while there was a lockdown on August 10, 2024, there had been no prior lockdown in the facility since February 2024, when Mr. Musgrove was last placed on restrictive housing. *Id.* at ¶ 3. He further testifies that as of the date of his declaration, Mr. Musgrove had been in general population with full access to the court and mail since February. *Id.*

3

Defense counsel certified that this motion was served on Mr. Musgrove by mail. Doc. 48 at 5. Mr. Musgrove has not responded to the motion for sanctions. He has filed a paper writing he entitled "Motion to object to Defendants defense and materials in record to support SJ motion. Motion to strike Add or declarations." Doc. 51. In that motion, Mr. Musgrove discusses the merits of the case without addressing the defendants' motion for sanctions. *Id.*

B. *Musgrove v. Ishee*, 22-CV-1125

In his complaint in *Ishee*, Mr. Musgrove alleged that various defendants violated his constitutional rights from 2016 to 2020 while he was in custody at the Scotland Correctional Institution. *See* Doc. 4 at 6–11.[3] The defendants moved to dismiss, Doc. 19, and, after obtaining an extension of time, Text Order 01/08/2024, Mr. Musgrove responded in opposition. Doc. 25.

On July 10, 2024, the Magistrate Judge recommended granting the motion to dismiss. Doc. 27. Mr. Musgrove was informed by mail of his right to file an objection to the recommendation within 14 days. Doc. 28. Adding three business days for mailing, any objection was due on July 29, 2024. *Id.*

Mr. Musgrove then submitted a motion, signed July 31, 2024, Doc. 29 at 2, and postmarked August 2, 2024. Doc. 29-1. The motion was entitled "Motion for Extension of time to respond and Amend pleadings to defendants Motion to Dismiss," Doc. 29 at 1, and it seems that Mr. Musgrove was under the misimpression that he had another

---

[3] Citations to the docket in this subsection refer to case No. 1:22-CV-1125. In the rest of this order, citations to filings on the docket of this case will be cited as "Doc. # (22-CV-1125)."

opportunity to respond to the motion to dismiss rather than an opportunity to object to the recommendation. In that motion, he represented that he was under a "serious security institution lockdown" and had "to wait on custody to provide [him] with the materials to complete [his] response . . . due to lockdown." *Id.* at ¶ 4; *see also id.* at ¶ 6 ("I'm unable to finish due to lockdown.").

The Court construed the motion as a request for more time to file objections to the Magistrate Judge's recommendation and for more time to file a motion seeking leave to file an amended complaint. Doc. 31. The Court noted that "as the plaintiff clearly says he has been on lockdown and unable to do many things related to this case, giving him more time is appropriate." *Id.* at 2. The Court granted the motion, giving Mr. Musgrove until September 8, 2024, to file any objections. *Id.* Mr. Musgrove did not file any objections, and the Court adopted the recommendation, granted the motion to dismiss, and entered judgment for the defendants. Doc. 34.

Before the Court did so, the defendants filed a motion for Rule 11 sanctions, Doc. 32, supported by a brief, Doc. 33, and a declaration under oath from Mr. Waddell. Doc. 33-1. Mr. Waddell offers the same testimony about Mr. Musgrove's custody and lockdown status as he does in *Bridges*, averring that Mr. Musgrove was not under lockdown at the relevant time. *Id.* at ¶ 3.

Defense counsel certified that the motion was served on Mr. Musgrove by mail on August 28, 2024. Doc. 32 at 5. Mr. Musgrove has not responded to the motion for sanctions. Instead, he filed a paper writing entitled "Motion for leave to amend under

5

F.R.C.P. 15." Doc. 35. In that motion, he seeks to amend his previously dismissed complaint, but nothing in the motion addresses the defendants' motion for sanctions. *Id.*

## II. Findings of Fact

In both motions for sanctions, the defendants contend that Mr. Musgrove should be sanctioned under Rule 11 for misrepresenting a material fact to the Court in order to obtain extensions of time. Doc. 48 (22-CV-311); Doc. 32 (22-CV-1125). Rule 11(b) of the Federal Rules of Civil Procedure requires factual contentions to have evidentiary support "to the best of the [writer's] knowledge, information, and belief."

In each of the two most recent motions for an extension of time, Mr. Musgrove represented to the Court that he was under a lockdown and that this delayed his ability to meet a court deadline. Doc. 47 (22-CV-311); Doc. 29 at 1–2 (22-CV-1125). As the uncontradicted testimony from Mr. Waddell shows, this was not true, as the only lockdown in the facility since February occurred on August 10, after Mr. Musgrove made his representations. Doc. 49-1 at ¶ 3 (22-CV-311); Doc. 33-1 at ¶ 3 (22-CV-1125).

Mr. Musgrove's factual assertions in his motions that he was under a lockdown on or around August 6 and July 31 were not made under oath or penalty of perjury. *See* Doc. 47 (22-CV-311); Doc. 29 (22-CV-1125). He has not responded to either motion for sanctions. He has not otherwise presented any evidence tending to show that he knew or believed the facility was under lockdown at the relevant time, nor has he presented any argument as to why the Court should not impose sanctions.

Other facts also suggest that Mr. Musgrove knew he was not telling the truth. Among other things, for example, Mr. Musgrove made the same misrepresentation in two

6

motions filed a week apart. *See id.* The Court finds that the factual assertions Mr. Musgrove made in his motions for extension of time about being unable to meet court deadlines because he was in lockdown were false and that Mr. Musgrove knew they were false when he made the statements.

Whether it is called lying or making a knowing misrepresentation, making a statement to a court that the party knows is not true in order to obtain court action is a serious matter and subjects the offender to sanctions. Rule 11(b) of the Rules of Civil Procedure requires that when an attorney or unrepresented party presents a motion to the court, the writer "certifies that to the best of the person's knowledge, information, and belief, . . . the factual contentions have evidentiary support." Fed. R. Civ. P. 11(b)(3).

"Litigants proceeding *pro se* may be sanctioned under Rule 11(b) for filing frivolous pleadings that lack any factual support." *Moseley v. Gardiner*, No. 20-CV-1248, 2021 WL 3629230, at *4 (E.D. Va. July 16, 2021). And misrepresentations about facts in a motion for extension of time can subject an attorney or pro se litigant to sanctions under Rule 11(b). *See, e.g.*, *Williams v. Ark. Dep't of Hum. Servs.*, No. 22-CV-141, 2023 WL 8721176, at *6, 8–9 (E.D. Ark. Dec. 18, 2023) (sanctioning attorney under Rule 11 for falsely stating he had used due diligence to obtain service when he had undertaken no efforts to obtain service and for making inaccurate statement of law without reasonable inquiry); *Shuler v. Orangeburg Cnty. Sheriff's Dep't*, No. 19-CV-88, 2023 WL 7924373, at *3–4 (D.S.C. Nov. 16, 2023) (issuing show cause order to attorney under Rule 11 for misrepresenting facts about notice).

Here, Mr. Musgrove twice explicitly misrepresented to the Court that he was under lockdown and as a result could not timely meet a court deadline. He asked the Court to extend two deadlines because of the lockdown, and the Court, in reliance on those factual assertions, did so twice. He has violated Rule 11(b), and sanctions are appropriate.

### III.  An Appropriate Sanction

Courts have discretion to determine an appropriate Rule 11 sanction. *Fahrenz v. Meadow Farm P'ship*, 850 F.2d 207, 211 (4th Cir. 1988); *see also* Fed. R. Civ. P. 11 advisory committee's note to 1983 amendment (explaining that a court "has discretion to tailor sanctions to the particular facts of the case"); *Hammary v. Soles*, 09-CV-781, 2013 WL 1192783, at *10 (M.D.N.C. Mar. 22, 2013). However, the sanction imposed "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4); *see also Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 151 (4th Cir. 2002) ("Under Rule 11, the primary purpose of sanctions . . . is not to compensate the prevailing party, but to deter future litigation abuse.") (cleaned up); *Miltier v. Downes*, 935 F.2d 660, 665 (4th Cir. 1991) ("The rule in this circuit is that in choosing a sanction, the guiding principle is that the least severe sanction adequate to serve the purposes of Rule 11 should be imposed.") (cleaned up).

While Rule 11 itself does not list the factors that courts should consider in selecting an appropriate sanction, the Federal Rules Advisory Committee has identified several:

> Whether the improper conduct was willful, or negligent; whether it was part of a pattern of activity, or an isolated event; whether it infected the entire pleading, or only one particular count or defense;

8

> whether the person has engaged in similar conduct in other litigation; whether it was intended to injure; what effect it had on the litigation process in time or expense; whether the responsible person is trained in the law; what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case; what amount is needed to deter similar activity by other litigants: all of these may in a particular case be proper considerations.

Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment. Sanctions may be monetary or non-monetary. Fed. R. Civ. P. 11(c)(4).

The Fourth Circuit has cautioned that Rule 11 "should not blindly be used to shift fees." *In re Kunstler*, 914 F.2d 505, 522 (4th Cir. 1990). Here, Mr. Musgrove is incarcerated and has been allowed to proceed without paying filing fees in both of these cases. *See* Doc. 3 (22-CV-311); Doc. 6 (22-CV-1125). A monetary sanction is unlikely to have any meaning or deterrent effect.

The Court has considered a range of other possible sanctions as possible ways to "deter future litigation abuse." *Hunter*, 281 F.3d at 151 (quoting *Kunstler*, 914 F.2d at 522). "Nonmonetary sanctions vary widely depending on the facts." *Williams v. The Ests. LLC*, 663 F.Supp.3d 466, 484, 486-487 (M.D.N.C. 2023) (ordering litigant to observe court for six days). One option might be a gatekeeper order limiting Mr. Musgrove's access to the federal courts, as Mr. Musgrove has abused the right to seek redress from the courts by lying to the courts. But aside from these two violations, Mr. Musgrove does not have a history of lying to the court, and such an order is a "drastic remedy" that "must be used sparingly." *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004). Other options pose similar limitations or would not meet the deterrent purpose of a Rule 11 sanction.

9

An appropriate sanction, especially since Mr. Musgrove has filed or attempted to file other cases in this district besides these two cases,[4] is to require that any future motions for extension of time be supported by a declaration under oath.  Specifically, the Court will require Mr. Musgrove to support any such motion with a declaration under penalty of perjury in a form that meets the requirements of 28 U.S.C. § 1746 and that sets forth in detail all facts on which he relies to obtain the extension of time.  This declaration shall be detailed and provide the specific beginning and ending dates that any purported impediment to meeting a court deadline was in place and, for any facts not within his personal knowledge, the basis for his belief that the facts are accurate.  To ensure that the presiding judge is aware of this Order, Mr. Musgrove must attach a copy of this Order to any motion for extension of time.  Failure to comply with any part of this order may result in denial of the extension of time or a more substantive sanction.

## IV. The Plaintiff's Motion to Object in *Musgrove v. Bridges*, 22-CV-311

The Court has reviewed Mr. Musgrove's submission as if it were a timely filed objection and to that limited extent, the motion is granted.  But nothing in the paper writing undermines the Magistrate Judge's analysis or recommendation.  Doc. 45 (22-CV-311).  The objections are overruled.  Mr. Musgrove has also not shown any reason to strike materials from the record.  The motion will be granted to the limited extent that the pleading will be considered as a timely objection to the Magistrate Judge's recommendation and is otherwise denied.

---

[4] *See, e.g.*, *Musgrove v. Alexander Correctional*, No. 22-CV-893; *Musgrove v. Moore*, No. 19-CV-164; *Musgrove v. Ishee*, No. 24-CV-768.

## V. The Plaintiff's Motion to Amend in *Musgrove v. Ishee*, 22-CV-1125

"[A] motion to amend filed *after* a judgment of dismissal has been entered cannot be considered until the judgment is vacated." *Daulatzai v. Maryland*, 97 F.4th 166, 177 (4th Cir. 2024)); *see also Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) (en banc) ("There is one difference between a pre- and a post-judgment motion to amend: the district court may not grant the post-judgment motion unless the judgment is vacated pursuant to Rule 59(e) or Fed.R.Civ.P. 60(b)."). Because Mr. Musgrove's case was dismissed, Doc. 34 (22-CV-1125), and that final judgment has not been vacated, the complaint cannot be amended. Nor has he shown any reason why the judgment should be vacated. The motion will be denied.

It is **ORDERED** that:

1. The defendants' motion for sanctions in *Musgrove v. Bridges*, 22-CV-311, Doc. 48, is **GRANTED**.

2. The defendants' motion for sanctions in *Musgrove v. Ishee*, 22-CV-1125, Doc. 32, is **GRANTED**.

3. The plaintiff's "Motion to object to Defendants defense and materials in record to support SJ motion. Motion to strike Add or declarations" in *Musgrove v. Bridges*, 22-CV-311, Doc. 51, is **GRANTED** to the limited extent that the pleading will be considered as a timely objection to the Magistrate Judge's recommendation and is otherwise **DENIED**. The objections are overruled and the judgment, Doc. 50, remains in place.

4. The plaintiff's "Motion for leave to amend under F.R.C.P. 15" in *Musgrove v. Ishee*, 22-CV-1125, Doc. 35, is **DENIED**.

5. As a sanction for violating Rule 11(b) of the Rules of Civil Procedure, the plaintiff Saquan Musgrove:

    a. **SHALL** support any future motion for extension of time or similar request for more time in any case in this district with a declaration under penalty of perjury in a form that meets the requirements of 28 U.S.C. § 1746 and that sets forth in detail all facts on which he relies to obtain the extension of time. Such declaration **SHALL** be detailed and specific as to the beginning and ending dates when any purported impediments to meeting a court deadline were in place and, for any facts not within his personal knowledge, the basis for his belief that the facts are accurate; and

    b. **SHALL** for the next five years attach a copy of this Order to any motion for extension of time filed in any case pending in this district.

    c. Failure to comply with any part of this order may result in denial of the motion for extension of time or other more substantive sanction.

This the 22nd day of October, 2024.

_____
UNITED STATES DISTRICT JUDGE